LEON A. CANNIZZARO, JR., Judge.
J^This matter involves a writ application brought by the State of Louisiana. The State has requested this Court to exercise its supervisory jurisdiction to review the district court’s denial of the State’s motion for a continuance of the trial of the defendant, James Tate, who is charged with second-degree murder.
STATEMENT OF THE CASE
On April 14, 2003, a fatal shooting occurred at John McDonough High School during school hours. One student was shot to death on the campus, and at least two other students were injured by the gunfire. Seven people, including Mr. Tate, were indicted in connection with the shootings.
The district court subsequently granted Mr. Tate’s motion to sever his trial from those of the other defendants. A trial date was set for April 13, 2005. Nevertheless, Mr. Tate did not go to trial on that date, because the trial of one of his co-defendants did not end until the day before Mr. Tate’s trial was scheduled to begin. Mr. Tate’s trial was then rescheduled for September 6, 2005. Because of Hurricane Katrina, however, the trial could not be held on that date.
After being closed due to the damage caused by Hurricane Katrina, the Criminal District Court for the Parish of Orleans reopened in January of 2006. At the request of the State, a pretrial conference was set for March 13, 2006, for the | ^purpose of selecting a trial date. A trial date of August 1, 2006, was selected. On March 23, 2006, the State requested that the trial be continued until August 8, 2006, so that the prosecuting attorney could attend the annual conference of the Louisiana District Attorneys Association. The continuance was granted.
On July 21, 2006, and on July 25, 2006, the State appeared before the district court requesting another continuance of the trial. In support of the motion, the prosecuting attorney asserted that the State needed additional time to locate witnesses and to determine the availability of the evidence. The prosecuting attorney also sought the continuance on the grounds that she was the new lead attorney handling the case for the State and had not had sufficient time to familiarize herself with the facts of the case. The district court denied the request for a continuance, and the State is now before us on a supervisory writ application.
DISCUSSION
District Court Reasons for Denial of Continuance
The district court judge denied the continuance requested by the State, because, as she declared in her per curiam opinion dated July 25, 2006, “[t]his Court does not believe that additional time will solve the problems with the District Attorney’s office as it relates to this case!” She enumerated her reasons for denying the continuance. First, she said that the prosecuting attorney who was handling the case had advised the district attorney’s *208 office that she would be leaving her position well in advance of the August 8 trial date and that the district attorney’s office had at least twelve weeks to have another prosecutor prepare for the trial. Additionally, the judge asserted that the district attorney’s office “has made little to no headway in 7 months in locating the essential witnesses needed to try this case.” Finally, she stated that “nor has the office made much progress in determining the availability, for use at trial, of the evidence located in the custody of the Clerk’s office.”
| aWith respect to the evidence, the district court noted that the State’s first motion to inspect the evidence was filed on July 25, 2006, which was a mere two weeks prior to the trial of this major murder case. At the hearing on the motion to continue, the district court also discussed the following:
BY THE COURT:
And here’s the other thing that disturbs me, I sat through numerous, numerous meetings where Judge Lombard on behalf of the Clerk’s Office on numerous occasions asked the District Attorney if there were any cases that were of major importance to him that they would get the evidence together for him.... But shame on Mr. Jordan if Mr. Jordan did not tell Judge Lombard that the ... case was a high priority case.
There is nothing in the record that indicates that Mr. Jordan ever advised Judge Lombard[1] that this case was a high priority case or that Mr. Jordan ever asked Judge Lombard to prepare the evidence in this case.
Standard of Review
In State v. Martin, 93-2085 (La.10/17/94), 645 So.2d 190, 197, the Louisiana Supreme Court stated that “[t]he decision to grant or deny a continuance lies within the wide discretion of the trial court.” (Emphasis added.) In State v. Johnson, 96-0950 (La.App. 4 Cir. 2/4/98), 706 So.2d 468, 478-79 (on reh’g), this Court declared that “[t]he decision to grant or deny a motion for continuance rests with the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent a clear abuse of discretion.” (Emphasis added.) See also La.C;Cr.P. art. 712, which provides that “[a] motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.” Thus, this Court is bound to deny the relief the State seeks in its writ Rapplication if the district court judge did not abuse her discretion in denying the State’s motion for a continuance.
Discretion of the Trial Court
The record in this case reflects that the State is requesting additional time to prepare for trial by getting the necessary witnesses. and evidence. The record also reflects that the district attorney has had ample time to.prepare for the trial. It is clear from the record that essentially the same evidence and witnesses used in the trial of one of Mr. Tate’s co-defendants will be needed for Mr. Tate’s trial. Yet, there is nothing in the record to show that the district attorney has done anything with respect to the witnesses and evidence since the prior trial concluded over a year ago.
The trial court judge had good reason to doubt the ability of the district attorney to *209 prepare for trial even if she were to grant a continuance. For example, some evidence, photographic line-ups, was obtained by the district attorney, but the district attorney did not determine what additional evidence was needed at that time. The district attorney’s failure to advise Judge Lombard that this case was a high priority case makes it appear that the district attorney was unaware that this case was a case in which it was imperative that the remediation of the evidence damaged by Hurricane Katrina be given the highest priority. The district attorney could have requested that Judge Lombard collect the evidence needed for this case, as Judge Lombard had offered to do, but the only evidence that had been obtained just two weeks prior to the trial date was the photographic line-ups.
Additionally, at the hearing on the State’s motion to continue the trial, it was revealed that, as of two weeks prior to the trial date, the district attorney had yet to contact the police department to obtain photographs that may have been in the department’s file that were needed for the trial. Although the homicide detective handling this case may have been unavailable as a result of injuries that he had ^sustained in an accident, the district attorney had not contacted the detective’s ranking officer to confirm this or to ascertain what evidence might have been contained in the detective’s file. Furthermore, none of the State’s witnesses had been contacted other than “indirectly,” and no subpoenas for the witnesses had been issued.
Because this case involved extreme violence, affected school children, and occurred in an educational setting, one would expect this case to be one that was given top priority. Unfortunately, it appears from the district court’s per curiam and the oral decision rendered at the hearing on the State’s motion for a continuance that the district attorney was not according this case the priority that one would expect it to be given.
Because we want to give the State every opportunity to present its evidence in this most serious case, we are reluctant to deny the relief requested by the State in its writ application. Nevertheless, we must. The law requires us to uphold the district court’s decision to deny the continuance absent an abuse of the trial court judge’s discretion. She has given cogent reasons for denying the continuance. She has no faith in the ability of the district attorney’s office to prepare this case for trial and has supported her belief that a continuance in this case will not result in better preparation by the district attorney’s office. Therefore, we must conclude that the trial court judge did not abuse her discretion in denying the State’s motion for a continuance. The State’s writ application is granted, but the requested relief is denied.
WRIT GRANTED; RELIEF DENIED.

. Judge Edwin A. Lombard, a member of the Louisiana Court of Appeal for the Fourth Circuit, was appointed by the Louisiana Supreme Court to oversee the remediation of evidence damaged as a result of Hurricane Katrina that was stored in the clerk's office in the Orleans Parish Criminal District Court building.